FILED
SUPERIOR COURT
OF GUAM

2019 APR 29 PM 2:05

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| STEPHANIE TULLAO MANALAC, | Superior Court Case No. <u>DM0546-14</u> |
| Plaintiff, | |
| vs. | **DECISION AND ORDER**<br>**RE**<br>**MOTION FOR**<br>**MODIFICATION OF CUSTODY** |
| ALVIN PESTANO MANALAC, | |
| Defendant. | |

The Court considers whether to modify the parties' stipulated custody arrangement which provides primary physical custody to Defendant Alvin P. Manalac in the event Plaintiff Stephanie Tullao Manalac relocates. Having considered the parties' arguments and the applicable law, the Court finds that modification does not serve the parties' children's best interests and Stephanie did not make a persuasive showing to justify a modification. The Court therefore DENIES the Motion.

## I.   PROCEDURAL AND FACTUAL HISTORY

In their Marital Settlement Agreement ("MSA"), the parties agreed to share joint legal and physical custody of their two minor children (now ages 5 and 10), with physical custody alternating every week. The MSA, incorporated into the October 27, 2014 Interlocutory Judgment of Divorce, contemplated that Stephanie may relocate and in that event, allowed Alvin to assume physical custody of their two children. This provision mirrors a request in Stephanie's Complaint:  "When Plaintiff relocates, the parties will maintain joint legal custody, but

ORIGINAL

Defendant shall have primary physical custody, with Plaintiff to have the minor children in her custody and care every school break." Compl. at 2, 4 (Sept. 23, 2014).

Stephanie asks the Court to modify that provision because: (1) she has plans to marry an active member of the United States Coast Guard and to relocate, though there are no firm plans for her fiance's new duty station; (2) she did not understand the MSA's off-island custody provision when she signed it; and (3) her children will have better educational and medical opportunities elsewhere (while she will have improved occupational training opportunities). She asks the Court to allow alternating annual physical custody.

## II.   LAW AND DISCUSSION

### A.  Custody

A court may modify a custody arrangement whenever "the best interests of the child require or justify such modification." 19 GCA § 8404(a)(6); *Lanser v. Lanser*, 2003 Guam 14 ¶ 9. "[T]o justify ordering a change in custody there must generally be a persuasive showing of changed circumstances affecting the child." *Lanser*, 2003 Guam 14 ¶ 9, n.2 (citing *In re Marriage of Carney*, 598 P.2d 36, 38 (Cal.1979)).

The Court finds that circumstances have not sufficiently changed to justify modifying the MSA. Stephanie predicted her possible relocation in her Complaint and enforced it in the MSA. Stephanie's contention that she did not understand the MSA is unconvincing, for several reasons. First, her Complaint requested that specific provision. Second, she had an attorney (while Alvin did not). Third, based on this Court's observations at the custody hearing, she has a sufficient grasp of English to understand that provision, which is also clear and unambiguous.

ORIGINAL

Stephanie furthermore failed to explain why or how the children would enjoy better educational opportunities in the mainland. When questioned, she could not specify those educational or occupational opportunities or to where she would be relocating. Meanwhile, Alvin provides them with a loving and caring home. The children attend school in Alvin's district, and according to the parties' testimony, they are doing well. The minors have an extensive family support system here in school and at home, including with Stephanie's family. Though there seems to be an unsettled issue concerning the children's medical insurance, it is unclear that Stephanie needs to have primary physical custody of the children for them to enjoy medical benefits as military dependents once she marries her fiance. Having the children move every year at their young age presents a greater detriment to their health, development, and wellbeing than remaining on Guam.

The Court understands that Guam law prefers joint physical and legal custody. *Howerton v. Howerton*, 2004 Guam 8 ¶ 14. Joint custody, however, does not require that each parent have equal time with the children. *Lanser*, 2003 Guam 14 ¶ 13. It simply requires that each parent get continuous physical custody for significant periods of time. *Howerton*, 2004 Guam 8 ¶ 18. However, a custodial arrangement without equal amounts of time must be made in the child's best interest. *Id.* ¶ 22.

This parties' stipulated arrangement gives each party significant amounts of continuous physical custody of the children. Moreover, without evidence of changed circumstances to justify modifying the current custodial order, and without evidence that the children's circumstances would improve by moving every year, the Court finds that it is in the best interests of the parties' children for Alvin to have primary physical custody, with Stephanie to have the minor children in

ORIGINAL

her physical custody and care every school break, specifically, for the winter holiday and summer.

If Stephanie relocates and can identify further information that the relocation serves the minors' best interests, or if the children express such preference at an older age, the Court will entertain later motions.

### B. Attorney's Fees

Guam follows the "American Rule," which provides that each party bears their own litigation expenses, including attorney fees. *Rahmani v. Park*, 2011 Guam 7 ¶ 59. However, statutes or contractual provisions authorizing attorney fees are exceptions to the American Rule. *Id.* These exceptions are narrowly drawn and strictly construed. *Matter of Guardianship of Moylan*, 2018 Guam 8 ¶ 11.

In this case, there are no applicable Guam statutes authorizing fee shifting. However, Alvin contends that the MSA provides for fee shifting: "[t]his agreement is entire. We may not alter, amend, or modify it, except by an instrument in writing executed by the both of us. This agreement shall be binding upon and inure to the benefit of both of us, and of our heirs, executors, administrators, successors and assigns." Opp'n to Mot., Ex. A at ¶ 9. He requests the Court require Stephanie to pay his attorneys' fees related to defending her Motion for Modification because she attempted to modify the MSA without a writing executed by both parties.

Because exceptions to the American Rule must be strictly construed, the Court will not grant an award of attorney's fees to Alvin absent specific contractual language authorizing the

ORIGINAL

payment of attorney's fees. Because Paragraph 9 of the parties' MSA does not specifically authorize the award of attorney's fees, the Court DENIES Alvin's request.

## III.    CONCLUSION

As a custody modification does not serve the children's best interests, the Court DENIES Stephanie's Motion for Modification of Custody. The Court also DENIES Alvin's request for Attorney's Fees.

SO ORDERED this 29th day of April 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Gary Wayne Francis Gumataotao, Esq., for Stephanie Tullao Manalac
Daron Berman, Esq., Berman, O'Connor & Mann, for Alvin Pestano Manalac

ORIGINAL